

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JEROME DEAN, an individual,<br><br>　　　　　Plaintiff,<br><br>　vs.<br><br>JOSHUA FLUTY, an individual; CHARLIE BECK, AN INDIVIDUAL; and CITY OF LOS ANGELES, a public entity; and DOES 1 through 10, inclusive,<br><br>　　　　　Defendants. | CASE NO.: **CV16-00979 SVW (FFMx)**<br>*Hon. Stephen V. Wilson, Ctrm. 6, 2nd fl.*<br>*Mag. Frederick F. Mumm, Ctrm. 580, Roybal*<br><br>**[PROPOSED]**<br><br>**PROTECTIVE ORDER REGARDING DISCLOSURE OF CONFIDENTIAL INFORMATION** |

Whereas counsel for the parties have discussed the mutual exchange of documents in this litigation, Defendants, through their counsel of record, have agreed to produce certain confidential information in this litigation, and therefore, the parties have stipulated to the following terms and conditions, the Court hereby orders as follows:

1. In accordance with the above-referenced agreement, the City of Los Angeles has agreed to produce copies of the following documents following the issuance of a protective order in this matter:

**a) The City has agreed to produce the related Internal Affairs investigations following the completion of the investigation, the investigation is determined to be closed by the LAPD and defense counsel's opportunity to obtain and review said investigation. Currently, defense counsel is unable to propose an anticipated date by which the investigation will be closed and produced to Defendants' counsel.**

**b) Plaintiff may purchase any and all recorded statements which were taken in connection with the related Internal Affairs investigation which is produced by the City pursuant to this protective order and only if the investigation to which the recording relates is closed and available to defense counsel. Payment must be made to the Los Angeles Police Department and the amount to be paid will be provided by defense counsel to Plaintiff's counsel at the appropriate time. All recordings which Plaintiff requests for production will be produced following receipt of payment.**

**c) Plaintiff agrees to produce the documents he has, if any, identified as confidential in response to the City Defendants' discovery, including but not limited to records which support his claim for lost earnings, if any such documents exist.**

## GOOD CAUSE STATEMENT

2. The Los Angeles Police Department conducts internal administrative investigations of Officer Involved Uses of Force and Complaint Investigations (hereinafter "Administrative Investigations") and also maintains a personnel file on its officers which includes personnel training information.[1] Once an Administrative

---

[1] There is no related Use of Force investigation.

Investigation is initiated, a formal investigation number is prepared. Such investigations are reviewed by appropriate command officers in the Department. This review has several purposes: (1) to determine whether the involved officers violated any Department policies or procedures; (2) to determine whether administrative discipline and/or retraining of the involved officers is necessary; and (3) to ascertain if police policies and procedures in such areas as supervision, training, tactics, policies, etc. should be modified. Administrative Investigations are an essential aid to providing critical evaluation of Department officers and policies, and to determine the most effective way to serve the citizens of Los Angeles. Administrative Investigations are not public records and include personal information regarding accused officers as well as complainants. The personal information usually includes the officer's date of birth, as well as that of the complainant. Often, Administrative Investigations also include a complainant's address, telephone number and sometimes social security number. Further, Plaintiff's financial records are confidential as they are not records accessible to the public.

3. The parties agree that this information contained in paragraph 1 and all subparts is confidential in nature and properly the subject of a protective order.

## TERMS OF THE PROTECTIVE ORDER

4. If the Protective Order is issued, Defendants will produce the above-referenced documents wherein the documents will be marked in one of the following ways: "Confidential," "Confidential Documents," "Confidential Material," "Subject to Protective Order" or words of similar effect, if such documents are confidential. Documents, writings, or other tangible items, so designated, and all information derived therefrom (hereinafter, collectively referred to as "Confidential Information"), shall be treated in accordance with the terms of this stipulation and protective order.

5. Confidential Information may be used by the persons receiving such information only for the purpose of this litigation.

6. Subject to the further conditions imposed by this stipulation, Confidential Information may be disclosed only to the following persons:

(a) Counsel for the parties, parties, and to experts, investigators, paralegal assistants, office clerks, secretaries and other such personnel working under their supervision.

(b) Such other parties as may be agreed by written stipulation among the parties hereto, or by Court order.

(c) The Court and its personnel.

7. Prior to the disclosure of any Confidential Information to any person described in paragraph 6(a) or 6(b), counsel for the party that has received and seeks to use or disclose such Confidential Information shall first provide any such person with a copy of this stipulation, and shall cause him or her to execute, on a second copy which counsel shall thereafter serve on the other party the following acknowledgment:

"I understand that I am being given access to Confidential Information pursuant to the foregoing stipulation and order.  I have read the Order and agree to be bound by its terms with respect to the handling, use and disclosure of such Confidential Information.

Dated: _____/s/_____"

8. **Upon the final termination of this litigation, including a settlement or jury verdict, or entry of judgment by the Court against either Plaintiff or one or more of the Defendants, Plaintiff shall have 14 calendar days by which to return to the Los Angeles City Attorney's Office, all confidential information which is unrelated to the Plaintiff's arrest, as identified in paragraph 1 and its subparts herein.  As for the second of two related Internal Affairs investigations, which is also the subject of this Stipulation, the same 14-day period applies with the exception of a jury verdict in favor of the defense wherein Plaintiff files a motion for new trial and/or motion for judgment as a matter of law and/or**

1  **notice of appeal.  In the event Defendants prevail at trial, the Plaintiff will have**
2  **14-days after the resolution of Plaintiff's post-verdict motions and/or appellate**
3  **proceedings, to return the second related Internal Affairs investigation to the**
4  **Los Angeles City Attorney's Office.**  Further, the Stipulation for Protective Order
5  set forth herein requires written confirmation from Plaintiff's counsel that all
6  materials are being returned pursuant to the terms of this Stipulation and the District
7  Court's order on this Stipulation.
8         9.     If any party who receives Confidential Information receives a subpoena
9  or other request seeking Confidential Information, he, she or it shall immediately give
10 written notice to the Defendants' counsel, identifying the Confidential Information
11 sought and the time in which production or other disclosure is required, and shall
12 object to the request or subpoena on the grounds of this stipulation so as to afford the
13 Defendants an opportunity to obtain an order barring production or other disclosure,
14 or to otherwise respond to the subpoena or other request for production or disclosure
15 of Confidential Material.  Other than objecting on the grounds of this stipulation, no
16 party shall be obligated to seek an order barring production of Confidential
17 Information, which obligation shall be borne by the Defendants.  However, in no
18 event should production or disclosure be made without written approval by the
19 Defendants' counsel unless required by court order arising from a motion to compel
20 production or disclosure of Confidential Information.
21        10.    Any pleadings, motions, briefs, declarations, stipulations, exhibits or
22 other written submissions to the Court in this litigation which contain, reflect,
23 incorporate or refer to Confidential Information shall be **submitted with an**
24 **application that the document be filed and maintained under seal either**
25 **pursuant to Ex Parte Application and Order of the Court or Stipulation of the**
26 **parties and Order of the Court. (Local Rule 79-5, et seq.).  Good cause for the**
27 **under seal filing must be shown.**  If a document or pleading submitted to the Court,
28 as described in this paragraph, makes only a general reference to any document or

information contained therein covered by this protective order, but does not quote or describe its contents in any specific way, and does not include the protected document itself, then the party or parties need not enter into a Stipulation or otherwise seek an order to file the documents under seal.  **In entering into a Stipulation for the filing of Confidential Information under seal, neither one of the parties waives its right to object to the admissibility of said information in connection with that proceeding or to move to exclude said information prior to or during the time of trial.**

11. The parties agree that the spirit of confidentiality as protected in this order will apply to all proceedings.  To that end, before any protected document or any information derived therefrom is to be put forward, admitted into evidence, discussed in detail or otherwise publicized in Court, the party raising the protected document will inform the other parties and allow for a motion to the Court to close the proceedings to the public.

12. Nothing herein shall prejudice any party's rights to object to the introduction of any Confidential Information into evidence, on grounds including but not limited to relevance and privilege.

13. <u>During the course of depositions, when counsel makes an objection to a question concerning a protected document or information contained therein, which is the subject of this Stipulation and protective order, or concerning a general area that counsel believes should be covered by the scope of this Stipulation and protective order, those witnesses (as identified in Paragraph 3(a) herein) may answer the question, without waiving the objections, and the questions and answers to those questions will be sealed and covered by the terms of this protective order. Counsel and the parties reserve the right to object to the disclosure of confidential or private information which is not the subject of this Stipulation and protective order.  Any documents deemed confidential pursuant to this protective order will be sealed, if they are used as exhibits in any deposition.  This agreement does not waive any</u>

1 | objections counsel may make, including objections unrelated to the reasons for this
2 | protective order.
3 |         14.   Each person receiving or reviewing Confidential Information must
4 | consent to the jurisdiction of the United States District Court for the Central District
5 | of California, including the Magistrate Judge assigned to this case, with respect to
6 | any proceeding relating to enforcement of this Order, including, without limitation,
7 | any proceeding for contempt and/or monetary sanctions
8 |         15.   This Protective Order survives until the time the commencement of trial.
9 | The parties hereto, however, may make a request to the District Judge, in advance of
10 | trial, that the Confidential Information disclosed pursuant to the Protective Order
11 | remain confidential and/or be kept and maintained pursuant to the terms of the
12 | Protective Order.
13 |         16.   This Stipulation may be signed in sub-parts and may be transmitted by
14 | facsimile as if it were the original document.  Defendants will lodge this executed
15 | Stipulation with the Court for approval.

*IT IS SO ORDERED.*

Dated: September 29, 2016         By:     /S/ FREDERICK F. MUMM
                                        **HONORABLE FREDERICK M. MUMM**
                                        **UNITED STATES MAGISTRATE JUDGE**